IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | Civil No. 3:22-CV-01690 |
| Plaintiff, | : | |
| v. | : | |
| EAST STROUDSBURG UNIVERSITY OF PENNSYLVANIA, *et al.* | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the motion to dismiss the amended complaint for failure to state a claim filed by Defendants East Stroudsburg University ("ESU"), Dr. Marcia Welsh, Maria Cutsinger, Dr. Doreen Tobin, Allen K. Williams, Cornelia Sewell-Allen, William Parrish, Lyesha Fleming and Jean Makenley (collectively, "University Defendants"). (Doc. 23.) In the amended complaint, Plaintiff Jane Doe ("Doe") alleges Title IX violations, 42 U.S.C. §1983 violations, and state law torts involving a sexual assault committed against her on ESU's campus. (Doc. 12.) In their motion to dismiss, University Defendants argue that the Title IX and § 1983 claims are time-barred under the Pennsylvania general personal injury statute of limitations and that sovereign immunity shields them from liability on the remaining claims. (Doc. 24.) Doe responds that the 2019 amendments to the Pennsylvania tolling statute make her claims timely, and University Defendants are not immune from her state law claims. (Doc. 29.)

1

The court finds that the statute of limitations bars some, but not all, of Plaintiff's claims under Title IX and § 1983, and that it is premature at this stage to decide if sovereign immunity shields University Defendants from liability on the state law claims because of a lack of facts establishing the scope of University Defendants' employment. For the reasons that follow, University Defendants' motion to dismiss is granted in part and denied in part without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are alleged in the amended complaint.[1] Doe began attending ESU in the fall of 2016 at the age of seventeen. (Doc. 12, ¶¶ 57, 59.) That fall she met and began a romantic relationship with Defendant Victor Burns ("Burns"). (*Id.* ¶¶ 58, 60.) At the time they began dating, Burns was a resident advisor ("RA") in Doe's dormitory. (*Id.* ¶ 58.) Their relationship was tumultuous, as Doe has alleged Burns physically, emotionally, and verbally abused her throughout their relationship, and they broke up and rekindled their relationship sometime in the fall of 2017. (*Id.* ¶¶ 64, 80.)

On March 30, 2018, Burns picked up an intoxicated Doe from a party and went to Burns' dorm room. (*Id.* ¶¶ 82, 83.) In the dorm room, Burns assaulted Doe, after which, the two got into a verbal altercation resulting in Burns pushing

---

[1] The court includes only those facts which are relevant to decide the instant motion.

Doe to the ground and pinning her down, causing her to scream and attempting to escape. (*Id.* ¶¶ 86–89.) At this point, Defendant Jean Makenley, a fellow RA, knocked on the dorm room door. (*Id.* ¶ 92.) Burns informed Makenley that he was having a loud phone conversation and "dismissed" Makenley. (*Id.* ¶¶ 95, 99.) Doe then left Burns' dorm room, returned to her own dorm room, and locked the door. (*Id.* ¶ 103.)

After Burns texted Doe to return to his room and she did not, Burns obtained the master key for the dorm rooms, entered her room, and raped her. (*Id.* ¶¶ 104–11.) Throughout the rest of the night, "Burns came to [Doe's] door several times, banged on her door, and called her." (*Id.* ¶ 116.) Doe left her room to stay with a friend. (*Id.* ¶ 117.) Knowing that Doe was not in her room, Burns, under false pretenses, asked some of his RA friends to open Doe's door and inspect her room. (*Id.* ¶ 118.)

Doe reported the sexual assault to Defendant Lyesha Fleming, resident director, who advised Doe to report the incident to the campus police, which she did. (*Id.* ¶ 119.) A no contact order was put in place. (*Id.*) Burns was also temporarily suspended, moved out of his dorm, and removed as an RA. (*Id.* ¶¶ 119–21.) Burns was arrested for assaulting Doe on April 5, 2018, and later released on bail. (*Id.* ¶¶ 127–28.) Doe alleges she faced continued harassment in

various forms from Burns and his fraternity brothers after the incident. (*Id.* ¶¶ 129–33.)

As a result of the criminal charges, Doe filed a Title IX report against Burns on March 30, 2018. (*Id.* ¶ 141.) ESU investigated the claim and held a Sexual Misconduct Hearing on July 17, 2018. (*Id.* ¶ 144.) The Sexual Misconduct Hearing Panel imposed sanctions on Burns, which he later appealed. (*Id.* ¶¶ 145–46.) After an appeal hearing, Burns was suspended for the fall 2018 semester but permitted to re-enroll in the spring of 2019, pending completion of anger management courses and no further violations of the student conduct code or state law. (*Id.* ¶ 153.) Doe appealed this determination, and ultimately, Burns was allowed to re-enroll in the fall of 2019. (*Id.* ¶ 155.) Doe returned to campus in fall 2018, but she struggled emotionally, and her grades fell. (*Id.* ¶¶ 166, 167.) Doe left ESU in December 2018. (*Id.* ¶ 170.)

Doe filed her initial complaint on October 26, 2022. (Doc. 1.) ESU filed a motion to dismiss on December 23, 2022, Doc. 9, which was dismissed as moot because Doe filed an amended complaint on January 13, 2023. (Doc. 12.) University Defendants filed a motion to dismiss for failure to state a claim and brief in support on March 24, 2023. (Docs. 23, 24.) Doe filed a brief in opposition on April 21, 2023. (Doc. 29.) University Defendants filed a reply brief on May 12, 2023, after receiving leave of court to file the reply brief *nunc pro tunc*.

(Docs., 33, 34.)  Default was entered against Defendant Burns on August 24, 2023.  The University Defendants' motion to dismiss is now ripe for disposition.

## JURISDICTION AND VENUE

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Doe brings claims arising under 20 U.S.C. § 1681(c) (Title IX) and 42 U.S.C. § 1983.[2]  This court also has supplemental jurisdiction over the state law tort claims under 28 U.S.C. § 1367 because they are related to the federal claims.  Venue is appropriate under 28 U.S.C. § 1381 because ESU is located within the Middle District of Pennsylvania and all actions or omissions alleged in the complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

---

[2] Doe asserts that this court has jurisdiction under 28 U.S.C § 1441(a).  However, as this case was not removed from state court, the court is not exercising removal jurisdiction.

survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Additionally, Third Circuit precedent allows a defendant to raise a statute of limitations defense in a 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d. Cir. 2002.)

## DISCUSSION

University Defendants argue that Doe's federal claims should be dismissed as time-barred because the appropriate statute of limitations is Pennsylvania's general two-year statute of limitations for personal injury claims, and Doe's complaint was not filed within two years of the sexual assault. (Doc. 24, p. 5.)[3] University Defendants further argue that Doe's state law claims should be dismissed because they are time-barred as well, and, in the alternative, University Defendants are immune from suit under state law sovereign immunity. (*Id.* at 9–

---

[3] For ease of reference, the court utilizes the page numbers form the CM/ECF header.

18.) Doe argues that the 2019 amendment to Pennsylvania's tolling statute applies to her case, and under that amendment, her claims are timely. (Doc. 29, pp. 16–18.) Doe also argues that University Defendants are not immune under the Pennsylvania Political Subdivision Tort Claims Act and by virtue of ESU accepting federal funds under Title IX. (*Id.* at 18–19.)

### A. The 2019 amendment to § 5533 applies and bars Doe's claims that occurred prior to March 30, 2018.

University Defendants argue that § 1983 and Title IX claims are governed by the general personal injury statute of limitations from the state in which the claims are brought. (Doc. 24, p. 5.) University Defendants point to Supreme Court case law deciding that "generalized" statute of limitations apply to federal constitutional claims, not "specialized" statute of limitations. (*Id.* at 6 (citing *Owens v. Okure*, 488 U.S. 235, 237 (1989)).) University Defendants further argue that the 2019 amendment Doe is attempting to invoke does not apply to her claims because the amendment does not apply retroactively to salvage already time-barred claims. (*Id.* at 13.)

Doe argues that federal constitutional claims are governed by the general personal injury statute and relevant tolling provisions of the state in which the claims are brought. (Doc. 29, p. 13.) Doe argues that Pennsylvania's tolling statute was amended in 2019, and applies to her claims because her claims were not time-barred at the time the amendment was passed. (*Id.* at 17.)

7

Because certain federal statutes, such as Title IX and § 1983, do not contain their own statute of limitations, federal courts addressing these claims must "borrow" the statute of limitations which governs "the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d. Cir. 2009) (citing *Wallace v. Kato*, 548 U.S. 384, 387 (2007)); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 77 (3d Cir. 1989). This includes all relevant tolling provisions when such rules are not in conflict with federal law. *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 458 (1980); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (citing *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989)). In Pennsylvania, the relevant statute of limitations governing personal injury claims is two years. 42 PA. CON. STAT. § 5524(7). The relevant tolling statute is contained in Title 42, Section 5533 of the Pennsylvania Consolidated Statutes.

University Defendants characterize § 5533 as a "specialized statute of limitation," while Doe characterizes § 5533 as a tolling provision. To support the characterization of § 5533 as a specialized statute of limitation, University Defendants cites to a recent case from New Jersey wherein a district judge in New Jersey found that New Jersey's recently amended sexual abuse statute of limitations was a specialized statute that would not be applied under *Owens v. Okure*, 488 U.S. 235 (1989). *Gavin v. Bd. of. Educ., S. Orange-Maplewood Sch.*

8

*Dist.*, CV2009191KMJSA, 2021 WL 1050364, at *4 (D.N.J. Mar. 18, 2021.) In their reply brief, University Defendants further argue that "[t]he U.S. Supreme court [in *Owens*] expressly rejected the notion that courts should mix and match requirements based upon a theory of injury presented." (Doc. 33, p. 4.)

Doe cites to Pennsylvania cases which treat § 5533 as a tolling provision and apply it when analyzing § 1983 claims. *K.E. v. Dover Area Sch. Dist.*, No. 15-cv-1634, 2017 WL 4347393, at *4 (M.D. Pa. Sept. 29, 2017); *Viney v. Jenkintown Sch. Dist.*, 51 F. Supp. 3d 553, 556 (E.D. Pa. 2014); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d. 695, 712 (E.D. Pa. 2007).

The court agrees with Doe on this point, because the Third Circuit and other federal courts in Pennsylvania treat § 5533 as a tolling provision. *See Lake*, 232 F.3d at 368 (referring to § 5533 as a tolling rule but ultimately choosing not to apply Pennsylvania's no tolling rule for mental incompetence); *Viney*, 51 F. Supp. 3d. at 556 (applying § 5533(b)(2) in a § 1983 case with a minor victim against a school district); *K.E.*, 2017 WL 4347393 at * 4 (relying on *Viney* to apply § 5533(b)(2)); *Chancellor*, 501 F. Supp. 2d. at 556 (holding § 5533(b)(2) may apply to § 1983 but remanding for further factual development); *S.S. v. Woodward Pa., LLC*, No. 4:22-CV-01407, 2023 WL 2539654, at *3 (M.D. Pa. Mar. 16, 2023)

(applying § 5533(b)(2)(i) but holding that the facts did not warrant tolling).[4] Accordingly, the court will apply the tolling provision to Doe's claims.

Section 5533 is Pennsylvania's tolling provision for infancy, insanity, and imprisonment. 42 PA. CON. STAT. § 5533. Section 5533(b) was amended on November 20, 2019 ("2019 amendment"). The 2019 amendment expanded the existing tolling period that applied to individuals under the age of eighteen bringing civil actions arising from childhood sexual abuse from twelve years after attaining the age of majority to thirty-seven years. 42 PA. CON. STAT. § 5533(b)(2)(i). The amendment also added the disputed provision, § 5533(b)(2)(i.1), which provides as follows:

> If an individual entitled to bring a civil action arising from sexual abuse is at least 18 and less than 24 years of age at the time the cause of action occurs, the individual shall have until attaining 30 years of age to commence an action for damages regardless of whether the individual files a criminal complaint regarding the sexual abuse.

*Id.* § 5533(b)(2)(i.1).

The bill enacting this amendment specifically provides that "[t]he amendment or addition of 42 Pa.C.S. § 5533(b)(2) . . . shall not be applied to revive an action which has been barred by an existing statute of limitations on the effective date of this section." H.B. 962, 203d Gen Assemb, Reg. Sess., § 10(1)

---

[4] University Defendants attempt to distinguish Doe's case law because all of the cases she cites involve a minor victim against a municipal school district. This argument has no merit because, prior to 2019, only minors could avail themselves of this specific tolling statute, and it follows that the only cases interpreting the statute would involve minors.

10

(Pa. 2019).  The bill further provides "[t]he amendment of 42 Pa.C.S. § 5533(b)(2) shall apply retroactively to civil actions where the limitations period has not expired prior to the effective date of this section."  H.B. 962 § 10(2).

Doe's injury occurred on March 30, 2018.  Under the general personal injury statute, applicable to her claims at the time they accrued, her claims would have been time barred on March 30, 2020.  Accordingly, on November 20, 2019, when the 2019 amendments were passed, her claims were not yet barred, and the 2019 amendment applies retroactively to her civil action.  Therefore, the court will analyze the timeliness of Doe's claims under the 2019 amendment.

In order to avail herself of the 2019 amendment, Doe's claims must "arise" from the sexual abuse incident.[5]  Few federal courts have interpreted the meaning of the phrase "arising from" within this statute.  The court in *Viney* held that "the phrase 'arising from[]' normally would denote nothing more than a causal connection between the 'civil action' and the 'childhood sexual abuse.'"  *Viney*, 51 F. Supp. 3d at 556. Additionally, Merriam Webster online dictionary defines "arising" as "to begin to occur or to exist; to come into being or to attention; to originate from a source."  *Arising*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/arising (last visited Oct. 7, 2023).

---

[5] The court notes that there is no dispute that Doe was at least eighteen and less than twenty-four years old at the time of the sexual abuse and that she has not yet reached the age of thirty.

11

Black's Law Dictionary defines arise as "to originate; to stem (from); to result (from); to emerge in one's consciousness; to come to one's attention." *Arise*, BLACK'S LAW DICTIONARY (9th ed. 2009). From these definitions, the term "arising from" requires a temporal connection such that the sexual abuse occurs first, then the claim follows.

Applying this definition to the facts alleged in the amended complaint, some of Doe's § 1983 or Title IX claims allege conduct by the University or individual defendants prior to the March 30, 2018 sexual abuse. As such, those claims are time-barred because actions occurring before the sexual abuse cannot "arise from" the abuse. To the extent that Doe's claims address conduct that occurred after March 30, 2018, and are causally connected to the sexual abuse, those claims are not time-barred. However, the conduct must be causally connected to this instance of sexual abuse. Broader claims regarding all students at ESU are not causally connected to this instance of sexual abuse and are not covered by the tolling provision.

In conclusion, University Defendants' motion to dismiss is granted in part regarding conduct occurring prior to March 30, 2018, and conduct after March 30, 2018, which does not "arise from" the March 30, 2018, sexual abuse. The motion to dismiss is denied regarding post March 30, 2018, conduct which arises from the sexual abuse.

### B. There are insufficient factual allegations for the court to determine University Defendants' assertion of state law sovereign immunity.

University Defendants again argue that the state law claims are barred by the statute of limitations because the 2019 amendments do not apply to Doe's claims. (Doc. 24, p. 10–14.)[6] University Defendants also argue that they are immune from Doe's state law claims under the Pennsylvania Sovereign Immunity Act.[7] (*Id.* at 14.) Doe argues that University Defendants are not immune under the Pennsylvania Political Subdivision Tort Claims Act and by virtue of ESU accepting federal funds under Title IX.[8] (Doc. 29, p. 18.) Doe also argues that the individual defendants are not immune in their individual capacities. (*Id.* at 19.)

Pennsylvania's Sovereign Immunity Act provides "the Commonwealth[] and its officials and employees acting within the scope of their duties, shall continue to

---

[6] As discussed above, the 2019 amendment applies to Doe's claims and the court will consider her claims as explained above.

[7] 1 PA. CON. STAT. § 2310.

[8] 42 PA. CON. STAT. §§ 8542, 8550. These statutes are regarding immunity of local agencies. Accordingly, the court will not consider these statutes in determining whether ESU, a Commonwealth agency, has immunity from the state law claims. *See Brautigam v. Fraley*, 684 F. Supp. 2d 589, 594 (M.D. Pa. 2010) (differentiating immunity for municipal employees and agencies and Commonwealth employees and agencies). The court also notes that Doe argues that "sovereign immunity is not available to the University Defendants in this case because ESU has consented to suit by accepting federal funds." (Doc. 29, p. 19.) 42 U.S.C. § 2000d-7 provides: "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX of the Education Amendments of 1972 . . . ." This statute is inapplicable because University Defendants are asserting state law immunity under state statutory and constitutional grounds regarding state law claims. University Defendants are not arguing they are entitled to immunity regarding the Title IX claim.

enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 PA. CON. STAT. § 2310.[9] State employees are immune in both their official and individual capacities if they are acting within the scope of their duties. *Larsen v. State Emp.s' Ret. Sys.*, 553 F. Supp. 2d. 403, 420 (M.D. Pa. 2008). State employees are immune from claims arising from intentional torts, provided that they are acting within the scope of their employment. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 594 (M.D. Pa. 2010) (citing *Yakowicz v. McDermott*, 547 A.2d 1330 (Pa. Commw. Ct. 1988)). Therefore, "[s]overeign immunity shields Commonwealth employees from liability when their actions: (1) cannot fit into one of the nine statutory sovereign immunity exceptions; (2) are not negligent; and (3) occur within the scope of their employment." *Kintzel v. Kleeman*, 965 F. Supp. 2d 601, 606 (M.D. Pa. 2013). The court will address each element in turn.

The now ten[10] statutory immunity exceptions are contained in 42 Pennsylvania Consolidated Statute § 8522, which provides that "[t]he General Assembly . . . does hereby waive, in the instances set forth in subsection (b) only

---

[9] East Stroudsburg University is part of the Pennsylvania State System of Higher Education ("PASSHE"). (Doc 12, ¶ 3.) "An officer or employee of a state-owned educational institution is a Commonwealth employee." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Commw. Ct. 2013).

[10] House Bill 962, which is the same bill that amended the minority tolling provision, added an additional waiver of sovereign immunity. H.B. 962, § 5.

and only to the extent set forth in this subchapter . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act . . . ." § 8522(a).[11]  Subsection (b) provides that sovereign immunity is waived when "[c]onduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitute negligence." § 8522(b)(10).  Section 5551(7) provides that a prosecution for "[a]n offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses) . . . if the victim was under 18 years of age at the time of the offense[]" may be commenced at any time.  42 PA. CON. STAT. § 5551(7).  Subsection (7) then references the sections of the crimes code relating to rape, statutory sexual assault, involuntary deviate sexual intercourse, sexual assault, institutional sexual assault, and aggravated indecent assault, among others.  Doe's claims do not fit within this exception because she was not under the age of eighteen at the time of the conduct.  Because no exception applies, University Defendants will be immune from both negligent acts and intentional acts in their individual and official capacities if they were acting within the scope of their employment when those actions occurred.

---

[11] A Commonwealth party is "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of this office or employment."  42 PA. CON. STAT. § 8501.

15

Pennsylvania has adopted the Restatement (Second) of Agency's definition of conduct within the scope of employment. *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000). The Restatement provides:

> (1) Conduct is within the scope of employment if, but only if: (a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the [employer], and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master. (2) Conduct of [the employee] is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the [employer].

RESTATEMENT (SECOND) OF AGENCY, § 228.

The only employment duties of any University Defendant that are described by any party are various RA duties including that when an RA is not on duty, they are expected to respond to problem situations, RAs will serve as role models, report accidents and unusual behavior, respect privacy, comply with all federal, state, and local laws and "enforce the Residence Life Information and Policies booklet and the Student Handbook." (Doc. 12, ¶¶ 49, 50, 53.) This averment is insufficient to determine the scope of an RA's employment and whether any actions or inactions alleged in this lawsuit were within the scope of those duties. Further, neither Doe nor University Defendants allege any job duties of any other University Defendants. Accordingly, the court cannot resolve the assertion of

sovereign immunity from the face of the complaint. Therefore, University Defendants' motion to dismiss will be denied without prejudice.

## Conclusion

University Defendants' motion to dismiss is granted in part because Doe may avail herself of the section 5533(b)(2)(i.1) tolling provision, but only to the extent that the claims alleged arise from the March 30, 2018 sexual assault. University Defendants' motion to dismiss is denied without prejudice regarding University Defendants' assertion of sovereign immunity as to the state law claims. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: November 13, 2023