IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | No. 3:22-CV-1690 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Jennifer P. Wilson) |
| | : | |
| EAST STROUDSBURG | : | |
| UNIVERSITY, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/26/22* |

MOTION TO AMEND ORDER TO CERTIFY FOR PURPOSES OF TAKING AN INTERLOCUTORY APPEAL

The University Defendants – East Stroudsburg University, Dr. Welsh, Ms. Cutsinger, Dr. Tobin, Mr. Williams, Ms. Sewell-Allen, Mr. Parrish, Ms. Fleming, and Ms. Makenley – by and through undersigned counsel, request the Court amend its Order of November 13, 2023 (Doc. 39), to add a certification pursuant to 28 U.S.C. § 1292(b), permitting the University Defendants to take an interlocutory appeal. In support of this motion, the University Defendants aver the following:

1. On January 13, 2023, Plaintiff filed a First Amended Complaint for alleged violations of Title IX, the Fourteenth Amendment, and various state-law tort claims against the University Defendants, Mr. Victor Burns, and John Doe Supervisors. (*See* Doc. 12).

2. The University Defendants filed a Motion to Dismiss the Amended Complaint with a supporting brief. (*See* Docs. 23-24).

3. One of the major procedural questions identified by the University Defendants' Motion was whether or not Plaintiff commenced her action within the time periods provided by federal and state law. (Doc. 24).

4. Following briefing on the issue, this Court granted the University Defendants' Motion in part and denied it in part with respect to the statute of limitations issue. (Doc. 39).

5. As part of this Court's Memorandum Opinion, the court determined that the entirety of Title 42, Section 5533 was a tolling statute, citing to cases that applied Section 5533(b)(1) when the plaintiff was a minor, without analyzing the differences in claims that arise when one is a minor versus claims, like those found here that arise when one is at least 18 years of age. (*See* Doc. 38 at 9).

6. Courts looked to the general statute of limitations period for tort claims found in state law to determine the statute of limitations periods for federal claims asserted under Section 1983 and Title IX. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (constitutional claims made pursuant to Section 1983 are subject to the general statute of limitations period for tort claims in the venue state); *Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000) (in Pennsylvania, there is a two-year general statute of limitations period, found in 42 Pa. C.S. § 5524, for tort claims); *Bougher v. Univ. of Pittsburgh*, 882 F.3d 74, 77-78 (3d Cir. 1989) (identifying that Title IX claims are governed by the same statute).

7. Plaintiff relies on a recently enacted provision of Pennsylvania state law, 42 Pa. C.S. § 5533(b)(2)(i.1), to advance the position that actions brought under Section 1983 or Title IX can now be commenced up-to twelve years following the date of their accrual when the underlying event involves the sexual abuse of an 18-to-24 year old. *See* 42 Pa. C.S. § 5533(b)(2)(i.1) (permitting an individual, until attaining 30 years of age, to commence a civil action for damages arising from sexual abuse).

8. Pennsylvania statute provides various time frames in which all civil and criminal litigation must be commenced. *See* 42 Pa. C.S. §§ 5501-5574. Any action sounding in tort, whereby one wishes to recover damages for injury, must be commenced within two years. *See* 42 Pa. C.S. § 5524.

9. If the individual entitled to bring a civil action was a minor at the time the action accrued, the relevant statute of limitations period would be tolled, or paused, until the individual attained 18 years of age. 42 Pa. C.S. § 5533(b)(1).

10. Recent amendments to Title 42, Section 5533, such as those found in 42 Pa. C.S. § 5533(b)(2)(i.1), provide additional time to commence a civil action that arises from sexual abuse, but do not toll, or pause the time period within which the action must be commenced.

11. The University Defendants' contend that because the recent amendments are not in fact a tolling provision, they should be treated as a

specialized statute of limitations period and should not be utilized to determine the appropriate time period for Section 1983 or Title IX claims.

12. The United States Supreme Court has indicated that the use of a specialized statute of limitations period in Section 1983 cases, instead of the state's general personal injury limitations statute, would be manifestly inappropriate. *See Owens v. Okure*, 488 U.S. 235, 243 (1989).

13. That is because every state has multiple specialized limitations provisions and a court should not mix and match requirements for Section 1983 claims based upon the theory of injury presented. *See id.* 488 U.S. at 240.

14. As such, the University Defendants request that this Court certify its decision for immediate interlocutory review pursuant to 28 U.S.C. § 1292(b), because this Court's Order involves a controlling question of law to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation.

15. A controlling question of law is "every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). "It is not required that reversal of the order terminate the litigation or that the order be on the claim's merits." *Meyers v. Heffernan*, 12-2434, 2014 WL 7336792, at *4 (D.N.J. Dec. 22, 2014).

16. “Controlling” means “serious to the conduct of the litigation, either practically or legally.” *Katz*, 496 F.2d at 755.

17. Here, the issue of whether an amendment to state law changes the statute of limitations period for a federal cause of action based upon the theory of injury presented is a controlling question of law that needs to be resolved.

18. Substantial grounds for difference of opinion exist when a court must resolve “one or more difficult and pivotal questions of law not settled by controlling authority,” *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008), or where “different courts have issued conflicting and contradictory opinions when interpreting a particular question of law.” *Miron v. Seidman*, No. 04–968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis omitted).

19. Courts in this circuit, as well as courts in at least four other circuits, have disposed of this issue in the manner requested by the University Defendants. *See Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, CV2009191KMJSA, 2021 WL 1050364, at *4-5 (D.N.J. Mar. 18, 2021) (citing *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768–69 (7th Cir. 2013); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579–80 (9th Cir. 2012); *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).

20. Permitting the University Defendants to appeal at this time would be in the interest of justice in that the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of this matter. The question here, one concerning the relevant statute of limitations period, is dispositive and has the potential to terminate this matter.

21. Counsel has sought, but did not receive concurrence in this motion.

22. A brief supporting this motion will be filed contemporaneously.

WHEREFORE, the University Defendants respectfully request that this Honorable Court amend its Order pursuant to 28 U.S.C. § 1292(b), to state that "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this matter" thereby permitting the University Defendants to take an immediate appeal therefrom on the question as to whether Title 42, Section 5533(b)(2)(i.1) acts as a tolling provision or a specialized statute of limitations period.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: *s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID: 315325

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Counsel for the University Defendants

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205
nditomo@attorneygeneral.gov

Date: December 11, 2023

CERTIFICATE OF NONCONCURRENCE

I, Nicole R. DiTomo, Senior Deputy Attorney General, Office of Attorney General, hereby certify that I sought concurrence in this motion from each party and it has been denied.

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General

CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Senior Deputy Attorney General, Office of Attorney General, hereby certify that on December 11, 2023, I caused to be served a true and correct copy of the foregoing document titled Defendants' Motion to Amend a Court Order for an Interlocutory Appeal to the following:

VIA ELECTRONIC FILING

Andrew R. Duffy, Esquire
Marni S. Berger, Esquire
Robert J. Mongeluzzi, Esquire
Kristen G. Feden, Esquire
Saltz Mongeluzzi Barrett & Bendesky, PC
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
aduffy@smbb.com
mberger@smbb.com
rjmongeluzzi@smbb.com
kfeden@smbb.com
*Counsel for Plaintiff*

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General