IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | No. 3:22-CV-1690 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Jennifer P. Wilson) |
| | : | |
| EAST STROUDSBURG | : | |
| UNIVERSITY, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/26/22* |

UNIVERSITY DEFENDANTS' BRIEF IN SUPPORT OF THE MOTION TO AMEND ORDER TO CERTIFY FOR PURPOSES OF TAKING AN INTERLOCUTORY APPEAL

The University Defendants – East Stroudsburg University, Dr. Welsh, Ms. Cutsinger, Dr. Tobin, Mr. Williams, Ms. Sewell-Allen, Mr. Parrish, Ms. Fleming, and Ms. Makenley – by and through undersigned counsel, hereby submit this Brief in Support of their request for the Court to amend its Order of November 13, 2023 (Doc. 39), to add a certification pursuant to 28 U.S.C. § 1292(b), permitting the University Defendants to take an interlocutory appeal.

PROCEDURAL HISTORY

On January 13, 2023, Plaintiff filed a First Amended Complaint alleging violations of Title IX, the Fourteenth Amendment, and various state-law tort claims against the University Defendants, Mr. Victor Burns, and John Doe Supervisors. (*See* Doc. 12). The University Defendants filed a Motion to Dismiss the Amended Complaint with a supporting brief. (*See* Docs. 23-24). One of the

major procedural questions identified by the University Defendants' Motion was whether or not Plaintiff commenced her action within the time periods provided by federal and state law. (Doc. 24). Following briefing on the issue, this Court granted the University Defendants' Motion in part and denied it in part with respect to the statute of limitations issue. (Doc. 39).

As part of this Court's Memorandum Opinion, the court determined that the entirety of Title 42, Section 5533 was a tolling statute, citing to cases that apply Section 5533(b)(1) because the claims accrued when the plaintiff was a minor, without analyzing the differences in the texts between claims that arise when one is a minor versus claims, like those found here that arise when one is at least 18 years of age. (*See* Doc. 38 at 9).

<u>STATEMENT OF QUESTIONS INVOLVED</u>

Should this Court amend its Order of November 13, 2023 to add a certification, pursuant to 28 U.S.C. § 1292(b), because this Court's Order involves a controlling question of law to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation?

Suggested Answer: Yes.

ARGUMENT

In the Amended Complaint, Plaintiff relies on a recently enacted provision of Pennsylvania state law, 42 Pa. C.S. § 5533(b)(2)(i.1), to advance the position that actions brought under Section 1983 or Title IX can now be commenced up-to twelve years following the date of their accrual when the underlying event involves the sexual abuse of an 18-to-24 year old. *See* 42 Pa. C.S. § 5533(b)(2)(i.1) (permitting an individual, until attaining 30 years of age, to commence a civil action for damages arising from sexual abuse). Pennsylvania statute provides various time frames in which all civil and criminal litigation must be commenced. *See* 42 Pa. C.S. §§ 5501-5574. Any action sounding in tort, must be commenced within two years. *See* 42 Pa. C.S. § 5524.

Courts look to the general statute of limitations period for tort claims found in state law to determine the statute of limitations periods for federal claims asserted under Section 1983 and Title IX. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (constitutional claims made pursuant to Section 1983 are subject to the general statute of limitations period for tort claims in the venue state); *Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000) (in Pennsylvania, there is a two-year general statute of limitations period, found in 42 Pa. C.S. § 5524, for tort claims); *Bougher v. Univ. of Pittsburgh*, 882 F.3d 74, 77-78 (3d Cir. 1989) (identifying that Title IX claims are governed by the same statute). If the individual entitled to bring a civil

action was a minor at the time the action accrued, the relevant statute of limitations period would be tolled, or paused, until the individual attained 18 years of age. 42 Pa. C.S. § 5533(b)(1).

Recent amendments to Title 42, Section 5533, such as those found in 42 Pa. C.S. § 5533(b)(2)(i.1), provide additional time to commence a civil action that arises from sexual abuse, but does not toll, or pause the time period within which the action must be commenced. The University Defendants' contend that because the recent amendments are not in fact a tolling provision, they should be treated as a specialized statute of limitations period.

The United States Supreme Court has indicated that the use of a specialized statute of limitations period in Section 1983 cases, instead of the state's general personal injury limitations statute, would be manifestly inappropriate. *See Owens v. Okure*, 488 U.S. 235, 243 (1989). That is because every state has multiple specialized limitations provisions and a court should not mix and match requirements for Section 1983 claims based upon the theory of injury presented. *See id.* 488 U.S. at 240.

As such, the University Defendants request that this Court certify its decision for immediate interlocutory review pursuant to 28 U.S.C. § 1292(b), because this Court's Order involves a controlling question of law to which there is substantial ground for difference of opinion and an immediate appeal from the

order may materially advance the ultimate termination of this litigation. A controlling question of law is “every order which, if erroneous, would be reversible error on final appeal.” *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). “It is not required that reversal of the order terminate the litigation or that the order be on the claim’s merits.” *Meyers v. Heffernan*, 12-2434, 2014 WL 7336792, at *4 (D.N.J. Dec. 22, 2014). “Controlling” means “serious to the conduct of the litigation, either practically or legally.” *Katz*, 496 F.2d at 755. Here, the issue of whether an amendment to state law changes the statute of limitations period for a federal cause of action based upon the theory of injury presented is a controlling question of law that needs to be resolved.

Substantial grounds for difference of opinion exist when a court must resolve “one or more difficult and pivotal questions of law not settled by controlling authority,” *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008), or where “different courts have issued conflicting and contradictory opinions when interpreting a particular question of law.” *Miron v. Seidman*, No. 04–968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis omitted). Courts in this circuit, as well as courts in at least four other circuits, have disposed of this issue in the manner requested by the University Defendants. *See Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, CV2009191KMJSA, 2021 WL 1050364, at *4-5 (D.N.J. Mar. 18, 2021) (citing

*King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768–69 (7th Cir. 2013); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579–80 (9th Cir. 2012); *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).

For example, in *Gavin v. Board of Education*, the court reviewed New Jersey Statute 2A:14-2a(a)(1) which reads, in part that any civil action resulting from sexual abuse against a minor shall be commenced within 37 years after the minor reaches majority. Although this statute contains a tolling provision (timing is paused until one reaches majority), it also extends the time period to commence an action for an additional 37 years once a person reaches the age of majority. In its review, the court in *Gavin* determined that the extended time period to commence an action after the age of majority simply because the theory of liability arose from sexual abuse turned the statute into a specialized statute of limitations. Following the guidance of *Owens*, the *Gavin* court rejected the notion that the New Jersey statute of limitations would extend the federal claims asserted.

This is identical to the Pennsylvania statute at issue here. 42 P.S. § 5533(b)(1) provides a general rule that the period of minority shall not be deemed a portion of the time period within which an action must be commenced. This portion of the statute acts as a tolling provision. It is the next part of the statute, however, that is at issue here. Section 5533(b)(2)(i.1) extends the time

period, until the age of 30, to commence an action arising from sexual abuse when an individual is between the ages of 18 and 24 years of age. This subsequent part of the statute only extends the amount of time one can commence an action, but it does not toll, or pause the time period available to commence an action.

As such, the Pennsylvania statute should be analyzed similarly to the New Jersey statute and not utilized to extend the statute of limitations period for Section 1983 or Title IX claims. Permitting the University Defendants to appeal at this time would be in the interest of justice in that the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of this matter. The question here, one concerning the relevant statute of limitations period, is dispositive and has the potential to terminate this matter.

## CONCLUSION

The University Defendants respectfully request that this Honorable Court amend its Order pursuant to 28 U.S.C. § 1292(b), to state that "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this matter" thereby permitting the University Defendants to take an immediate appeal therefrom on the question as to whether Title 42,

Section 5533(b)(2)(i.1) acts as a tolling provision or a specialized statute of limitations period.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: *s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID: 315325

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205
nditomo@attorneygeneral.gov

Date: December 11, 2023

Counsel for the University Defendants

CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Senior Deputy Attorney General, Office of Attorney General, hereby certify that on December 11, 2023, I caused to be served a true and correct copy of the foregoing document titled Defendants' Brief in Support of their Motion to Amend a Court Order for an Interlocutory Appeal to the following:

VIA ELECTRONIC FILING

Andrew R. Duffy, Esquire
Marni S. Berger, Esquire
Robert J. Mongeluzzi, Esquire
Kristen G. Feden, Esquire
Saltz Mongeluzzi Barrett & Bendesky, PC
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
aduffy@smbb.com
mberger@smbb.com
rjmongeluzzi@smbb.com
kfeden@smbb.com
*Counsel for Plaintiff*

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General